UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ANTHONY GEORGE BELL,

                    *Plaintiff*,

   – against –

WEINREB MANAGEMENT LLC, *et al*,

                   *Defendants*.

**MEMORANDUM & ORDER**
24-cv-02979 (NCM) (TAM)

**NATASHA C. MERLE**, United States District Judge:

    *Pro se* plaintiff Anthony George Bell filed this action against his landlord alleging, among other claims, discrimination in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq*. Compl. 2, ECF No. 1. The Court granted plaintiff's application to proceed *in forma pauperis* ("IFP"). ECF No. 7. Before the Court is plaintiff's amended complaint. Am. Compl., ECF No. 18. For the reasons stated below, the Court **DISMISSES** the amended complaint without prejudice. Plaintiff is granted leave to file an amended complaint within thirty (30) days of this Order.

## BACKGROUND

    Plaintiff's initial complaint named two defendants: Jacobe Weinreb and Weinreb Management LLC (together, the "Jacobe Weinreb" defendants). Compl. 1, 4.[1] After service by the United States Marshals Service, *see* ECF No. 19, the Jacobe Weinreb defendants moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b), ECF No. 16. *See also* Defs.' Pre-Motion Conf. Req., ECF No. 14; Pl.'s Pre-Motion Conf. Req.

---

[1]    Throughout this Order, page numbers for docket filings refer to the page numbers assigned in ECF filing headers.

Resp., ECF No. 15. Prior to service of the motion to dismiss, plaintiff sought leave to amend his complaint. ECF No. 17. The Court granted plaintiff's request and set a deadline of November 13, 2024. ECF Order dated Oct. 2, 2024. Plaintiff timely filed his amended complaint.

Plaintiff's amended complaint alleges discrimination based on race, disability, and income; intimidation; and a violation of the Fair Housing Act ("FHA"), 42 U.S.C. 3601 *et seq*. Am. Compl. 4. Plaintiff also added two defendants: David Weinreb[, Chairman] of Weinreb Ventures and David Weinreb, CEO [of] Howard Hughes Corporation. Am. Compl. 2–3.[2] Specifically, plaintiff alleges that "[t]hey won[']t replace elevators in building" despite complaints "4 years ago," "[t]hey treat people of color or status differently," and "[t]hey won't fix things properly." Am. Compl. 5. Plaintiff also alleges that "Section 8 told them to give [him] [a] new [refrigerator] and stove [but] they gave [him] used ones that infested [his] apartment with roaches and the[y] knew they did it." Am. Compl. 5. Plaintiff contends that defendants' actions have caused him injuries, including "constant pain" from swollen knees after walking up to the ninth floor without elevator access. Am. Compl. 5–6. Plaintiff seeks monetary damages. Am. Compl. 6.

## LEGAL STANDARD

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[3] A claim is plausible "when

---

[2]    Despite differences in spelling between the initial and amended complaints, the Court construes the amended complaint to maintain claims against the same Jacobe Weinreb defendants named in the initial complaint. *See* Compl. 4, Am. Compl. 2–3 (listing the same address for the Jacobe Weinreb defendants).

[3]    Throughout this Opinion, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Accordingly, Rule 8 requires that a complaint include: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought[.]" Fed. R. Civ. P. 8(a). Rule 8 requires a "short and plain" factual statement so that each defendant has a "fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019).

Where a plaintiff is proceeding *pro se*, "we construe [the plaintiff's] submissions liberally, as raising the strongest arguments they suggest." *Whitfield v. City of New York*, 96 F.4th 504, 518 (2d Cir. 2024); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (explaining that non-attorney *pro se* litigants are not expected to meet the standards for "formal pleadings drafted by lawyers"). If it is possible that "a valid claim might be stated," the Court should give the *pro se* plaintiff an opportunity to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

Separately, under Section 1915(e)(2)(B), a district court shall dismiss an IFP action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

**DISCUSSION**

Here, plaintiff's allegations of housing and racial discrimination implicate federal law, specifically the ADA and the FHA. However, for the reasons stated below, the Court

3

finds that plaintiff's amended complaint fails to state a claim against defendants under either statute.

    I.    <u>The ADA</u>

Generally, the "ADA does not apply to private landlords." *Ayyad-Ramallo v. Marine Terrace Assocs. LLC*, No. 13-cv-07038, 2014 WL 2993448, at \*5 (E.D.N.Y. July 2, 2014). Instead, the ADA provides a cause of action against "large employers," "public entities," and places of "public accommodation." *Blitz v. BLDG Mgmt. Co.*, No. 20-cv-05462, 2023 WL 6162295, at \*6 (S.D.N.Y. Sept. 21, 2023). Plaintiff's amended complaint includes no factual allegations indicating that any defendant is a public entity or provides public accommodation. Although plaintiff mentions "Section 8"—a Department of Housing and Urban Development program providing rent subsidies to low-income individuals, *Salute v. Stratford Greens Garden Apartments*, 136 F.3d 293, 296 (2d Cir. 1998)—courts have found that receipt of federal funds does not bring a private landlord into the reach of the ADA. *Blitz*, 2023 WL 6162295, at \*6 (citing *Reyes v. Fairfield Props.*, 661 F. Supp. 2d 249, 264 n.5 (E.D.N.Y. 2014)). Accordingly, plaintiff's amended complaint fails to establish an ADA claim on which relief could be granted.

    II.    <u>The FHA</u>

Unlike the ADA, the FHA applies to private landlords. Specifically, the FHA "makes it unlawful for a public or private landlord intentionally to discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling because of race, color, religion, sex, familial status, or national origin." *Francis v. Kings Park Manor, Inc.*, 992 F.3d 67, 70–71 (2d Cir. 2021). With respect to persons with disabilities, discrimination under the FHA, as amended, "may take several forms," including "intentional discrimination"; "disparate impact"; "refusal to permit reasonable

modifications of existing premises"; "refusal to make reasonable accommodations in rules, policies, practices, or services"; or "failure to design and construct handicap accessible buildings." *Reyes*, 661 F. Supp. 2d at 258; *see also Levy v. Lawrence Gardens Apartments Del, LLC*, No. 21-cv-01415, 2023 WL 2667045, at *3 (E.D.N.Y. Mar. 28, 2023) (listing elements for FHA refusal to accommodate claim).

Here, plaintiff alleges that defendants have failed to replace the elevators in the building, which requires him to "walk up and down from the ninth floor" and "causes und[ue] stress on [his] knees." Am. Compl. 5. Plaintiff also suggests that the lack of elevator access exacerbates his asthma. *See* Am. Compl. 5. Plaintiff further alleges that defendants "were told 4 years ago" that the elevators "needed to be replaced." Am. Compl. 5. Construed liberally, these allegations may state a claim under the FHA, for example, as exhibiting a refusal to make a reasonable accommodation. However, although plaintiff references his knee pain and asthma, he does not directly allege a disability requiring an accommodation. Furthermore, plaintiff's amended complaint fails to allege who acted in a way that led to the continued failure of the elevators, instead naming several defendants and repeatedly stating that "[t]hey" are responsible for the allegations. *See* Am. Compl. 2–3, 5. Plaintiff's failure to provide facts supporting wrongdoing of any specific defendant does not provide defendants with a "fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Harnage*, 916 F.3d at 141.

Plaintiff also alleges that defendants knowingly provided inadequate appliances that led to a roach infestation in his apartment. *See* Am. Compl. 5. In addition to failing to provide specificity as to who was responsible for these actions, plaintiff's amended complaint fails to draw any connection between this allegation and any allegation of

discrimination based on a protected class. Plaintiff's allegations that defendants provided the appliances at the direction of "Section 8" and engaged in "discrimination of low income," Am. Compl. 4–5, may suggest discrimination based on plaintiff's status as a Section 8 program recipient. However, "source of income, and specifically Section 8 funding recipients, are not protected classes under the FHA." *Kaiser v. Fairfield Properties*, No. 20-cv-05399, 2022 WL 17412405, at \*5 (E.D.N.Y. Feb. 11, 2022), *report and recommendation adopted* (Mar. 11, 2022), *appeal dismissed*, 2022 WL 17413211 (2d Cir. July 20, 2022), *cert. denied*, 143 S. Ct. 499 (2022). Nor does plaintiff allege any facts connecting this allegation to any discrimination based on race or disability. *See* Am. Compl. 4–5.

Even on a liberal reading of the amended complaint, the Court finds that plaintiff's allegations are insufficient to state a claim for relief under the FHA. Accordingly, while plaintiff may be able to state an FHA claim with additional allegations, the amended complaint does not meet the requirements of Rule 8. *See* Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").

## CONCLUSION

For the reasons set forth above, the Court **DISMISSES** plaintiff's amended complaint without prejudice for failure to state a claim, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), and failure to comply with Rule 8 of the Federal Rules of Civil Procedure.

The Court grants plaintiff leave to file an amended complaint within thirty (30) days of this Order. Plaintiff may contact the City Bar Justice Center's Federal Pro Se Legal Assistance Project at 212-382-4729 to make an appointment for free, confidential, limited-scope legal assistance at the Brooklyn Federal Courthouse. If plaintiff chooses to file an amended complaint, the submission should be labeled "Amended Complaint" and

include the full docket number. Plaintiff should explain how his claims arise out of specific federal laws, and how each defendant has caused him injury based on the requirements of federal law. Plaintiff must also include an address for each and every defendant named in the amended complaint. If plaintiff does not file an amended complaint within thirty (30) days or fails to request an extension of time to do so, the Clerk of Court shall be directed to enter judgment and close the case. Defendant Weinreb Management LLC's pre-motion conference, ECF No. 20, is accordingly **DENIED** as moot, without prejudice.

The Court finds that any appeal would not be taken in good faith and therefore IFP status is denied for purpose of an appeal. 28 U.S.C. § 1915(a)(3); *see Coppedge v. United States*, 369 U.S. 438, 445 (1962). The Clerk of Court is respectfully directed to mail a copy of this Order and the amended complaint at ECF No. 18 to plaintiff and to note the mailing on the docket.

**SO ORDERED.**

  _/s/ Natasha C. Merle_____
NATASHA C. MERLE
United States District Judge

Dated:        December 30, 2024
              Brooklyn, New York