UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ANTHONY GEORGE BELL,

*Plaintiff*,

– against –

WEINREB MANAGEMENT LLC,

*Defendant*.

**MEMORANDUM & ORDER**
24-cv-02979 (NCM) (CHK)

**NATASHA C. MERLE**, United States District Judge:

This Court has received a Report and Recommendation dated July 28, 2026, from the Honorable Judge Clay H. Kaminsky, United States Magistrate Judge. Report and Recommendation ("R&R"), ECF No. 28. Plaintiff objected to the R&R. Objections ("Objs."), ECF No. 34. Defendant did not file objections or a response to plaintiff's objections. For the reasons stated below, the Court overrules plaintiff's objections and adopts the R&R in its entirety.

## BACKGROUND

On March 28, 2024, plaintiff George Anthony Bell commenced this action by originally filing suit against Jacobe Weinreb and Weinreb Management LLC (together, the "Jacobe Weinreb" defendants). Compl. 1, 4, ECF No. 1.[1] In November 2024, Plaintiff filed an amended complaint after the Count granted plaintiff leave to do so. Amend. Compl. ("AC"), ECF No. 18; Docket Order dated October 2, 2024. Plaintiff's amended complaint added David Weinreb of Weinreb Ventures and David Weinreb, CEO of Howard Hughes

[1] Throughout this Order, page numbers for docket filings refer to the page numbers assigned in ECF filing headers.

Corporation as defendants. AC 1–3. In December 2024, the Court dismissed without prejudice plaintiff's amended complaint. Memorandum & Order, ECF No. 21. In May 2025, plaintiff filed his second amended complaint against Jacob Weinreb Management LLC as the sole defendant. *See generally* Second Amend. Compl. ("SAC"), ECF No. 23.

Plaintiff's second amended complaint alleges failure to accommodate and retaliation claims pursuant to Sections 3604(f) and 3617 of the Fair Housing Act ("FHA").[2] Plaintiff alleges that for the past four years, defendant has failed to repair the elevators in the apartment building where he lives. SAC 5. Plaintiff must climb nine flights of stairs to his apartment, exacerbating his asthma, high blood pressure, and knee injury and causing his knees to swell. SAC 7. Plaintiff says climbing the stairs has left him bedridden and unable to walk. SAC 7.

In October 2025, defendant moved to dismiss the SAC pursuant to Federal Rule of Civil Procedure 12(b). ECF No. 26. After plaintiff failed to file a brief in opposition, the motion was deemed fully briefed in January 2026. Docket Order dated Jan. 20, 2026. The undersigned referred the motion to Magistrate Judge Kaminsky. *See* Order Referring Mot. dated Jan. 20, 2026. On July 28, 2026, Magistrate Judge Kaminsky, issued an R&R recommending that the motion be granted and plaintiff's claims be dismissed without prejudice and with leave to amend in 30 days. Plaintiff filed his objections on August 13, 2026. Objs. Defendant did not file objections or a response.

---

[2] While plaintiff's complaint does not specifically cite to any statute or law, the Court adopts Magistrate Judge Kaminsky's construction of plaintiff's allegations as bringing claims under FHA. For the reasons stated in the Court's Memorandum and Order dismissing plaintiff's AC, the Court does not construe the claims as arising under the Americans with Disabilities Act ("ADA") because plaintiff does not allege that defendant is a public landlord or provides public accommodations such that the ADA should apply. Memorandum & Order 4.

## STANDARD OF REVIEW

Under Rule 72(b)(3) of the Federal Rules of Civil Procedure, once a magistrate judge has issued a report and recommendation on a dispositive motion, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. Proc. 72(b)(3). Generally, objections that are "nonspecific or merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition" are insufficient to invoke *de novo* review of the magistrate judge's recommendations. *Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 361 (2d Cir. 2025) (quoting *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022)).[3] For example, "objections stating only 'I object' preserve[] no issues for review" by the district court. *Id.* at 359.

A proper objection generally may not raise new arguments and factual assertions for the first time in objections to the report and recommendation. *First Am. Title Ins. Co. v. Ram Abstract, Ltd.*, No. 23-cv-06462, 2026 WL 218701, at *1 (E.D.N.Y. Jan. 28, 2026). Indeed, these sorts of objections "may not be deemed objections at all." *Piligian v. Icahn Sch. of Med. at Mount Sinai*, 490 F. Supp. 3d 707, 716 (S.D.N.Y. 2020). A district court reviews portions of a report and recommendation that have not properly objected to for "clear error on the face of the record." *Park v. Kim*, No. 20-cv-02636, 2022 WL 3643966, at *2 (E.D.N.Y. Aug. 24, 2022), *aff'd*, 91 F.4th 610 (2d Cir. 2024).

## DISCUSSION

While "objections of pro se litigants are generally accorded leniency and should be construed to raise the strongest arguments that they suggest[,] . . . even a pro se party's

[3] Throughout this Order, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate judge's R & R." *Oparaji v. Home Retention Corp.*, No. 21-cv-02758, 2023 WL 2155764, at *2 (E.D.N.Y. Feb. 22, 2023), *aff'd*, No. 24-cv-1444, 2025 WL 1901297 (2d Cir. July 10, 2025) (summary order). "In other words, even for a pro se litigant, generalized or conclusory objections that fail to raise new concerns will not suffice." *Id.*; *see also* *Berger v. Dep't of Def.*, No. 24-cv-07450, 2025 WL 2792595, at *2 (S.D.N.Y. Sept. 30, 2025) (reviewing for clear error where the court "f[ound] the objections not specific or aimed at any particular findings [of the magistrate judge]").

## I. Plaintiff's Objections

Plaintiff's objections to the R&R assert four points. Point one asserts defendant has a track record of treating people unfairly based on race, lawful source of income, particularly Section 8 recipients, and disability. Objs. 1. Points two and three assert additional facts about his physical impairments and explain how certain disrepairs exacerbate his physical impairments and impair a major life activity.[4] Point four asserts defendant has failed to make certain repairs in retaliation. The Court reviews each objection in turn.

### *A. Objection I*

Plaintiff's first objection asserts that defendant has a history of treating people unfairly based on race, lawful source of income, and disability, and that defendant's staff have also treated people of color unfairly. Objs. 1. As a threshold matter, this objection does not identify a "specific legal conclusion" or a particular "finding[]" in the R&R that is

4 Plaintiff's second and third objections state they are aimed at his claims under the ADA and FHA. In liberally construing pro se plaintiff's filing, the Court understands this objection as applying to plaintiff's FHA failure to accommodate claim.

the subject of plaintiff's challenge. *Nambiar*, 158 F.4th at 359-60 (finding the objection to the magistrate judge's R&R was properly made because the objection argued the magistrate judge improperly relied on evidence that would be inadmissible at trial and also ignored certain evidence that was directly relevant to the claims). Thus, this objection does not meaningfully engage with or challenge the R&R and does not warrant *de novo* review. *See Williams v. Woodhull Med. & Mental Health Ctr.*, 891 F. Supp. 2d 301, 312 (E.D.N.Y. 2012) ("a generalized objection to the entire R&R . . . does not constitute a specific written objection within the meaning of Rule 72(b)").

Instead, plaintiff's objection restates an allegation from plaintiff's AC. *Compare* Objs. 1, *with* AC 4–5 (discrimination "of people with disabilities[,] [d]ue to color of your skin[, and] low income"). Setting aside that source of income is not a protected class under the FHA, *Short v. Manhattan Apartments, Inc.*, 916 F. Supp. 2d 375, 394 (S.D.N.Y. 2012), plaintiff has not asserted any facts that connect defendant's alleged mistreatment of people with disabilities to the denial of plaintiff's requested accommodation, nor otherwise alleged a failure to accommodate claim.

Moreover, plaintiff has not asserted any facts that show that defendant made "unavailable or den[ied] a dwelling" to plaintiff "because of [plaintiff's] race [or] color" or that defendant discriminated against plaintiff "in the provision of services or facilities in connection" with housing because of his race. 42 U.S.C. § 3604(a)–(b). Specifically, plaintiff has not alleged facts to support the inference that any action taken by defendant, including the failure to repair the elevators, was due to plaintiff's race.

In sum, without anything connecting defendant's past practice or pattern of discrimination to defendant's failure to repair the elevator or otherwise provide a

reasonable accommodation, the Court finds no clear error as to this aspect of the R&R. Accordingly, plaintiff's first objection is overruled.

*B. Objections II and II*

Plaintiff's second and third objections together assert more detail about the nature and extent of his physical impairments. Plaintiff's objections state that he is "suppose[d] to be walking with a cane because [he] need[s] to have both knees replaced." Objs. 1. However, his doctors are delaying the knee surgery until plaintiff loses weight. Objs. 1. Plaintiff adds that he has been coping with the pain through the use of arthritis creams and medication. Objs. 1. Again, these objections are not specifically directed at a particular aspect of the R&R. However, the Court assumes plaintiff's objections respond to multiple findings by Magistrate Judge Kaminsky: (1) plaintiff has not alleged the severity of his injury for "the Court to be able to draw the reasonable inference that his injury qualifies as a disability based on the injury's impact on his ability to walk or climb the stairs," R&R 7; (2) "[p]laintiff does not provide any detail about how his knee injury affects his general ability to walk[,]" R&R 8; and (3) plaintiff fails to describe the nature of his injury for the Court to determine whether it is temporary, R&R 9.

Plaintiff's objections raise new facts about the extent and severity of his knee injury that were not previously raised in the SAC. Generally, courts do not consider such new evidence "raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but [was] not," and the Court declines to do so here. *Chalasani v. Daines*, No. 10-cv-01978, 2011 WL 4465408, at *1 n.3 (E.D.N.Y. Sept. 26, 2011). Thus, these objections do not warrant *de novo* review, and the Court finds no clear error.

Moreover, while plaintiff's new allegations provide more detail concerning his knee injury, further details are necessary to support an inference that his injury substantially limits a major life activity, such that plaintiff states a claim for relief. For instance, allegations addressing (1) "whether his knee injury is permanent or temporary;" (2) if temporary, "how long his ability to walk or climb stairs has been (or will be) affected;" or (3) "how his knee injury affects his general ability to walk" could support a finding that plaintiff's knee injury substantially impairs his life activity. R&R 7–9; *see Miller v. McHugh*, 814 F. Supp. 2d 299, 317–18 (S.D.N.Y. 2011) ("[I]t is well settled that difficulty climbing stairs or temporary hardship and fatigue do not *alone* constitute a 'substantial impairment' to a 'major life activity.'") (emphasis added); *Santana v. Mount Vernon City Sch. Dist./Bd. of Educ.,* No. 20-cv-03212, 2025 WL 3215618, at *9 (S.D.N.Y. Nov. 18, 2025), *appeal withdrawn sub nom. Santana v. Mount Vernon City Sch. Dist./ Bd. of Educ.*, No. 25-3070, 2026 WL 636756 (2d Cir. Mar. 2, 2026) (declining to find plaintiff's leg condition constituted substantial limitation on climbing stairs where the evidence offered "no means of gauging the severity of his mobile condition"). Accordingly, plaintiff's second and third objections are overruled.

*C. Objection IV*

Plaintiff's fourth and final objection restates the allegations from the SAC in support of his FHA retaliation claim. *Compare* Objs. 2, *with* SAC 6. Plaintiff's objection asserts defendant installed appliances in plaintiff's apartment that were infested with cockroaches and that defendant did not use the proper protocol to treat the appliances before installation. Objs. 2. This objection, directed at the magistrate judge's finding that plaintiff failed to satisfy the causal connection element, "attempts to engage the district court in rehashing . . . the same arguments" asserted in the operative complaint. *Nambiar*, 158

F.4th at 361. Thus, this objection is not properly made. Nevertheless, in light of plaintiff's pro se status the Court conducts a *de novo* review. *See Nambiar*, 158 F.4th at 361 (determining that "[w]here a litigant's objections take issue with a specific legal conclusion in the report and recommendation, they should be considered *de novo*, even if they repeat an argument raised before the magistrate judge").

To satisfy the causal connection element of his retaliation claim, plaintiff may offer one of the following: (1) direct evidence of retaliatory animus; (2) disparate treatment of similarly situated individuals; or (3) temporal proximity between the protected activity and the adverse action. *Baldwin v. Goddard Riverside Cmty. Ctr.*, 53 F. Supp. 3d 655, 669 (S.D.N.Y. 2014), *aff'd*, 615 F. App'x 704 (2d Cir. 2015). Here, plaintiff asserts "[n]o non-conclusory allegation of fact showing . . . a [retaliatory] motive." *Austin v. Town of Farmington*, 826 F.3d 622, 630 (2d Cir. 2016). Nor can a retaliatory motive be inferred from the allegations.

Courts can and do consider deviations from standard procedure to be evidence of a retaliatory motive. *See Macera v. Vill. Bd. of Ilion*, No. 16-cv-0668, 2017 WL 1194236, at *4 (N.D.N.Y. Mar. 30, 2017) ("[d]eviat[ion] from . . . standard procedure can provide circumstantial evidence of retaliatory motive" to First Amendment retaliation claims); *Heinemann v. Howe & Rusling*, 529 F. Supp. 2d 396, 409 (W.D.N.Y. 2008) ("deviation from [an employer's] own standard procedures may serve as evidence of pretext" in a Title VII discrimination claim). Here, plaintiff has not alleged that defendant in fact had a "standard procedure" treating used appliances for pests before installation, much less that defendant intentionally deviated from its standard procedure here. Plaintiff simply states that "proper" procedures were not followed. Objs. 2. As the R&R correctly determined, plaintiff's "allegations that [d]efendant knew the appliances would cause an infestation

and did so intentionally [are] insufficient" on their own to show a causal connection between the installation of the pest-infested appliances and the filing of this lawsuit. R&R 11. Plaintiff also has not shown that fellow residents were similarly targeted after they filed their own complaints or that others who did not complain were given pest-free appliances. Nor has he alleged that the retaliation was close in time to the filing of his suit—much less sufficiently close in time to support a finding that the cockroach infestation was inflicted on him in retaliation for his assertion of his FHA rights. *See Baldwin*, 53 F. Supp. 3d at 670 (noting that the temporal proximity must be "very close," and usually less than three months). Accordingly, plaintiff has failed to adequately allege a FHA retaliation claim.

* * *

Having reviewed the remaining record, the Court finds no clear error. The Court therefore adopts the R&R, in its entirety, as the opinion of the Court under 28 U.S.C. § 636(b)(1).

**CONCLUSION**

For the foregoing reasons, the Court grants defendant's motion to dismiss, ECF No. 26. Plaintiff's Second Amended Complaint is dismissed without prejudice. The Court grants plaintiff leave to file a third amended complaint within (30) days of this Order. If plaintiff fails to file a third amended complaint, the case will be dismissed.

Plaintiff is encouraged to contact the City Bar Justice Center's Federal Pro Se Legal Assistance Project in Brooklyn by calling (212) 382-4729 or by writing to U.S. District Court Eastern District of New York, Brooklyn Courthouse, 225 Cadman Plaza East, Room 108N, Brooklyn, New York 11201 for free, confidential, limited-scope legal assistance.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal would not be taken in good faith, and therefore, in forma pauperis status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S.438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this Memorandum and Order to plaintiff, along with a civil complaint form, and note the mailing on the docket.

**SO ORDERED.**

*/s/ Natasha C. Merle*
NATASHA C. MERLE
United States District Judge

Dated: September 21, 2026
Brooklyn, New York